IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ohio Valley Plumbers and Pipefitters  :
Security Fund, et al.,
                                            :

       Plaintiffs,
                                            :

  v.                                                      Case No. 2:05-cv-0155
                                            :

Branthoover & Johnston Co.,               JUDGE SARGUS
                                            :

       Defendant.

## OPINION AND ORDER

On February 17, 2005, the Ohio Valley Plumbers and Pipefitters Security Fund and the Ohio State Plumbers and Pipefitters Health and Welfare Fund filed an action against defendant Branthoover & Johnston Company. Plaintiffs assert claims for unpaid fringe benefit contributions under the Labor Management Relations Act, 29 U.S.C. §185, and the Employee Retirement Income Security Act, 29 U.S.C. §§1132 and 1145. On March 8, 2005, Branthoover & Johnston was served with a summons and complaint. Branthoover & Johnston has not answered or otherwise defended. On June 1, 2005, Plaintiffs moved for both entry of default and default judgment. On June 6, 2005, default was entered against Branthoover & Johnston. For the following reasons, Plaintiffs' motion for default judgment will be denied.

I.

The following statement of facts is taken from the complaint. The Plaintiff Funds are employee benefit funds within the meaning of ERISA, 29 U.S.C. §1002(3). The Funds receive fringe benefit contributions from covered employers for the purpose of providing insurance coverage and benefits to covered employees. Defendant Branthoover & Johnston is a signatory to a collective bargaining agreement and trust agreement that obligates it to make fringe benefit

contributions to Plaintiffs on behalf of covered employees. Also under the collective bargaining agreement and trust agreement, Branthoover & Johnston is obligated to permit an audit of its records upon request and timely pay wages and fringe benefit contributions to Plaintiffs.

Plaintiffs claim that Branthoover & Johnston is in breach of the collective bargaining agreement and trust agreement. Plaintiffs allege that despite repeated requests, Branthoover & Johnston has refused to submit to an audit. Further, Plaintiffs claim that Branthoover & Johnston has failed to pay wages, fringe benefit contributions, and liquidated damages for covered employees. Plaintiffs seek an order requiring Branthoover & Johnston to abide by the terms and conditions of the collective bargaining agreement and trust agreement, pay judgment of at least $84,919.90, submit to an audit, and reimburse Plaintiffs for the amount paid for insurance coverage. Plaintiffs also seek interest on any judgment at the current IRS rate per annum and reasonable attorney fees and costs. It is on the basis of these facts that the motion for default judgment will be decided.

II.

A party that is in default for failure to file an answer is deemed to have admitted all the material allegations in the complaint. See Fed. R. Civ. P. 8(d). When ruling on a motion for default judgment, a plaintiff's well-pleaded allegations as to the defendant's liability are normally accepted as true. See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995). In this case, default was properly entered against Branthoover & Johnston on June 6, 2005. Thus, Branthoover & Johnston is deemed to have admitted it is in breach of the collective bargaining agreement and trust agreement as alleged by Plaintiffs.

In the motion for default judgment, Plaintiffs request that Branthoover & Johnston be ordered to submit to an audit within 30 days, to submit all monthly fringe benefit reports and delinquent contributions, to comply with its obligation to make timely and full contributions, to pay the sum of $84,919.90 in unpaid fringe benefit contributions owed to Plaintiffs plus interest at the IRS rate per annum, and to pay the sum of $1,649.62 in attorney fees and costs.

Attached to the motion for default judgment, Plaintiffs submitted the affidavit of their attorney Shawn C. Groff. Mr. Groff states that Plaintiffs have incurred $1,649.62 which represents 11.6 billable hours at the rate of $125.00 per hour and costs. See Groff Aff. ¶6. Mr.

2

Groff also attests to the fact that Branthoover & Johnston owes the sum of $84,919.90 in unpaid fringe benefit contributions and liquidated damages. See id. at ¶5.

The Court concludes that Mr. Groff's attestation as to the amounts owing by Branthoover & Johnston is not sufficient. First, although he claims to have personal knowledge of this fact, see id. at ¶9, presumably he is not the person responsible for auditing contributions to the Funds. Second, Plaintiffs have not provided the Court with facts to show how they arrived at this figure. Therefore, Plaintiffs' motion for default judgment will be denied without prejudice to renewal of the motion with proper evidence and attestation as to the amounts owing.

III.

Based on the foregoing, Plaintiffs' motion for default judgment (file doc. #6) is DENIED WITHOUT PREJUDICE.

Date: 6-23-2005

Edmund A. Sargus, Jr.
United States District Judge