IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ohio Valley Plumbers and                          :
Pipefitters Security Fund,
et al.,                                           :

        Plaintiffs,                               :

    v.                                          :      Case No. 2:05-cv-0155

Branthoover & Johnston Co.,                       :      JUDGE SARGUS

        Defendant.                                :

## OPINION AND ORDER

In an Opinion and Order filed on June 24, 2005, the Court denied a motion for default judgment filed by the plaintiffs. Although defendant had been defaulted for failing to respond to the complaint, the Court concluded that the supporting documentation submitted with the motion for default judgment was insufficient to permit the Court to enter an appropriate judgment. The matter is now before the Court by way of a renewed motion for default judgment filed by plaintiffs on September 1, 2005.

I.

The facts of this case are set forth in the June 24, 2005 Opinion and Order and will not be repeated here. Briefly, plaintiffs, Employee Benefit Funds as described in 29 U.S.C. §1002(3), assert that the defendant employer has both failed to make timely fringe benefit contributions to the funds and is in default of other obligations under the collective bargaining agreement, including the obligation to make timely reports of the hours worked by covered employees, to make timely contributions, and to permit its records to be audited. The relief sought in the complaint includes a request for a money judgment, an injunction which would require the defendant to abide by the terms and conditions of a collective bargaining agreement, an order directing the defendant to submit to an audit, and reasonable attorneys' fees and costs. The complaint does not specifically request an additional money judgment based upon the results of

any audit which has yet to be performed.

The motion for default judgment described certain sums due to the plaintiff funds, based upon an attached affidavit from Jennifer DeKlever, as well as attorneys' fees, which request is supported by an affidavit from counsel.  In addition to judgment for these amounts, the plaintiffs also request an order for an audit, permanent injunctive relief with respect both to reports to be submitted in the future and payments to be made in the future, and the retention of jurisdiction to enter judgment for additional amounts determined to be due and owing as a result of any audit.

II.

Plaintiffs' request for a money judgment is well-taken.  The affidavit of Jennifer L. DeKlever and attachments to that affidavit substantiate plaintiffs' claim for $48,952.89 in damages due to the plaintiff's security fund on account of building trades commercial work for the period of January 1, 2004 through January 31, 2005, for an additional $6,061.88 due to that fund for building trade's light commercial work for the same time period, and for $11,482.23 owed to the Welfare Fund.  Further, the affidavit of counsel supports the claim for $1,862.12 in attorneys' fees and costs.  Finally, through its default, the defendant has admitted that it has not made its records available for audit as required by the applicable collective bargaining agreement.  Consequently, an order for an audit is appropriate.

III.

The request for additional injunctive relief and continuing jurisdiction is more problematic.  This Court's records do not reflect that the plaintiffs have filed any prior collection actions against this particular defendant.  The time period for which a money judgment is sought is limited.  Ordinarily, the Court does not issue such an injunction in the absence of a showing that there has been "persistent contempt for the judicial process" and that the defendant is likely to "continue to withhold employee benefit contributions from the Fund" without the entry of an injunction.  See Laborers Fringe Benefit Funds Detroit and Vicinity v. Northwest Concrete and Construction, Inc., 640 F.2d 1350 (6th Cir. 1981).  Because no such showing has been made here, the entry of such injunctive relief is not warranted.

Finally, the complaint prays only for a money judgment for a closed time period.  If the Court were to retain jurisdiction to enter additional money judgments, it would delay the entry of

a judgment for the amount already established to be owed, would require the filing and service of an amended complaint, and would require additional judicial proceedings. The Court believes that, should an audit determine that additional monies are owed, it would be more appropriate for the plaintiff to file a new judicial action. Consequently, the Court will not retain jurisdiction over the case for the sole purpose of determining whether any additional money judgment might be appropriate.

IV.

Based upon the foregoing, the plaintiffs' motion for default judgment (#10) is granted in part. Defendant Branthoover & Johnston Co. is ordered to make its records available to the plaintiff funds for audit within 30 days of the date of this order. Further, the Clerk is directed to enter judgment in favor of plaintiff Ohio Valley Plumbers and Pipefitters Security Fund in the amount of $55,014.77 and in favor of plaintiff Ohio State Plumbers and Pipefitters Health and Welfare Fund in the amount of $11,482.23, and to enter judgment in favor of both plaintiffs in the amount of $1,862.12 representing attorneys' fees and costs. This action is TERMINATED.

Date: 9-15 2005

Edmund A. Sargus, Jr.
United States District Judge